# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN C. MULLIGAN, an individual, | Case No.: CV13-00836-RGK(VBKx) |
| *Plaintiff,* | Complaint filed: February 6, 2013 |
| vs. | Assigned to: Hon. R. Gary Klausner, 850 Roybal Magistrate Judge: Hon. Victor B. Kenton, 590 Roybal |
| JAMES NICHOLS, an individual; JOHN MILLER, an individual; THE CITY OF LOS ANGELS, an entity; TYLER IZEN, an individual; LOS ANGELES POLICE PROTECTIVE LEAGUE, a corporation; and DOES 1-10, inclusive, | **PROTECTIVE ORDER** |
| | Discovery Cutoff : Oct. 23, 2013 |
| | Motion Cutoff : Nov. 6, 2013 |
| | Pretrial Conf. : Jan. 6, 2014 |
| | Jury Trial : Jan. 21, 2014 |
| *Defendants.* | |

THE PARTIES HAVING STIPULATED TO THE FOLLOWING, this Court hereby orders as follows:

1. The parties may designate as confidential the following:

    [A] Police Personnel Records

    [B] Force Investigation Division ("FID") Reports Including any Statements of Police Personnel Associated with any Such Report

    [C] Internal Affairs Reports Including any Complaints Associated with any Such Report

      [D]    Medical Records

      [E]    Tax Returns

      [F]    Employment Records

all of which the parties believe might contain information of a privileged, confidential, private or sensitive nature, by affixing to such document or writing a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. These categories of documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this stipulation. The parties may also designate deposition testimony, or portions thereof, which fall within these categories as Confidential Information.

    2.    Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

    3.    Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

      (a)    Parties to the litigation, counsel for the parties, and experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

      (b)    Such other parties as may be agreed by written stipulation among the parties hereto.

    4.    Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms

with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the party who disclosed the documents or destroyed, except as to Court personnel. .

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the party an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information. However, in no event should production or disclosure be made without written notice to party's counsel unless required by court order after serving written notice to the party's counsel.

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and accompanied by an applicatoin pursuant to Local Rule 79-5.1, To file the papers - or the confidential portion(s) thereof - under seal. Such application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. Counsel for the parties hereto agree to request that any motions, applications or other pre-trial proceedings which could entail the discussion or disclosure of Confidential Information be heard by the Court outside the presence of the jury, unless having heard from counsel, the Court orders otherwise. Counsel for the parties further agree to request that,

during any portion of the trial of this action which could entail the discussion or disclosure of Confidential Information, access to the courtroom be limited to parties, their counsel and other designated representative, experts or consultants who agree to be bound by this stipulation, and court personnel, unless having heard from counsel, the Court orders otherwise.

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege. In the event of a dispute regarding the designation of confidential information, the parties shall follow the procedure set forth in Local Rule 37 for obtaining a decision from the Court.

10. GOOD CAUSE STATEMENT. The parties believe that the Confidential Information specified in Paragraph 1, above, are described with sufficient particularity to comply with Ninth Circuit standards for protective orders.

The parties further believe that disclosure of documents designated in categories listed in Paragraph 1[A], 1[B], and 1[C] would subject police officers to unnecessary harassment, violate police officers' right to privacy, and put the lives and livelihood of the police officers' and their families at risk of imminent harm.

The parties further believe that the disclosure of documents in the remaining categories specified in Paragraph 1, would subject the parties to unnecessary harassment and/or embarrassment and reveal private personal information of a financial and or medical nature.

11. This protective order is to be effective on the date the order is signed by the Court and may not be used for retroactive application to documents which have already been disclosed prior to the Court's signing of the order.

12. A party may designate a document or deposition testimony, or a portion thereof, as confidential that is not set forth in the aforementioned categories, however, should any such designation occur, the parties agree to meet and confer pursuant to *Local Rule 37*. Should the parties fail to reach an agreement of the confidentiality of such document or

deposition testimony, or portions thereof, the designating party shall have thirty (30) days to move the Court for protection, and if the designating party so moves, the parties agree not to disseminate the document or testimony until such time as the Court has made a ruling, otherwise such designation will be lost.

13. This Protective Order survives settlement, trial and/or appeal.

**IT IS SO ORDERED.**

DATED:__July 9, 2013_                      _____/s/_____
                                           **HONORABLE VICTOR B. KENTON**
                                           **UNITED STATES MAGISTRATE JUDGE**